# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>      PLAINTIFF<br><br>v.<br><br>PETER C. HALL;<br>OCEAN COMMUNITIES FEDERAL CREDIT UNION N/K/A NORTHEAST CREDIT UNION<br><br>      DEFENDANT(S) | CIVIL ACTION NO: |

## COMPLAINT FOR FORECLOSURE

NOW COMES Plaintiff, JPMorgan Chase Bank, National Association by and through its attorneys, Korde & Associates, P.C., and complains against Defendant pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3. Plaintiff, JPMorgan Chase Bank, National Association, is a National Association chartered and organized under the laws of the United States of America with a principal place of business located at 1111 Polaris Parkway, Columbus, OH 43240.

4. Defendant Peter C. Hall is an individual with a last known address of 105 Jagger Mill Road, Sanford, ME 04073.

5. Defendant Ocean Communities Federal Credit Union n/k/a Northeast Credit Union is a Federal Credit Union with a last known address of 1 Pool Street, Biddeford, ME 04005.

## FACTS

6. Peter C. Hall is the owner of certain real property located at 105 Jagger Mill Road, Sanford, ME, by virtue of a deed from Maine State Housing Authority to Peter C. Hall dated July 31, 2009, and recorded in the York County Registry of Deeds on August 5, 2009, in Book 15697, Page 228.

7. On July 31, 2009, Peter C. Hall executed and delivered to Bell Home Mortgage Group, a certain promissory note in the original principal amount of $98,700.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

8. Plaintiff is entitled to enforce the Note, as Bell Home Mortgage Group, a Corporation executed an allonge payable to JP Morgan Chase Bank, N.A. attached to the original Note, which executed an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party in possession of the original Note.

9. Plaintiff certifies that the owner of the Note is JPMorgan Chase Bank, National Association.

10. To secure the Note, Peter C. Hall granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Bell Home Mortgage Group, its successors and assigns, in the amount of $98,700.00 dated July 31, 2009, and recorded on August 5, 2009, in the York County Registry of Deeds in Book 15697, Page 230 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

11. The property secured by the Mortgage is known as 105 Jagger Mill Road, Sanford, ME 04073, and is more particularly described in the Mortgage (the "Premises").

12. The Mortgage was assigned by Assignment from Mortgage Electronic Registration Systems, Inc., as nominee for Bell Home Mortgage Group, its successors and assigns to JPMorgan Chase Bank, National Association dated April 17, 2017, and recorded on April 19, 2017, in Book 17456, Page 481. A copy of the Assignment is attached in Exhibit C.

13. The Mortgage was assigned by Quitclaim Assignment from Residential Mortgage Services, Inc d/b/a Bell Home Mortgage Group to JP Morgan Chase Bank, National Association dated March 18, 2020, and recorded on March 24, 2020, in Book 18201, Page 174. A copy of the Assignment is attached in Exhibit C.

14. Defendant, Ocean Communities Federal Credit Union n/k/a Northeast Credit Union may claim an interest in the Premises by virtue of a mortgage dated August 23, 2013 in the amount $11,500.00 recorded on September 11, 2013 in Book 16692, Page 654.

15. Defendant Peter C. Hall is presently in default on the Note and due for the monthly payment due December 1, 2021, and all payments due thereafter, thereby breaching a condition of the Mortgage.

16. By letter(s) dated December 15, 2022, notice was provided that the Note was in default and of the right to cure the default. A copy of the notice is attached hereto as Exhibit D.

17. The notice was given on December 18, 2023 by first class mail, postage prepaid with a United States Postal Service Certificate of Mailing and by certified mail, return receipt requested, and therefore have expired.

18. The default has not been cured and, in accordance with the Note and Mortgage, the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage have been declared to be presently due and payable.

19. As of February 6, 2023, the following amounts are due and payable to Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---:|
| Principal Balance | $72,696.22 |
| Accrued Interest | 5,052.62 |
| Property Inspection Fees | 85.00 |
| Escrow Advance | 4,036.62 |
| Total | $81,870.46 |

Additional interest is accruing on said principal balance from said date at a rate of $10.95 per day.

20. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

## COUNT I - FORECLOSURE

21. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure and title to real estate located at 105 Jagger Mill Road, Sanford, York County, Maine 04073. See Exhibit B.

23. Plaintiff is entitled to enforce the Note, as Bell Home Mortgage Group executed an allonge payable to JP Morgan Chase Bank, N.A. attached to the original Note, which executed an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party in possession of the original Note. See Exhibit A.

24. Plaintiff, directly or through its agent, is in possession of the original Note, Mortgage and any assignments.

25. Plaintiff, JPMorgan Chase Bank, National Association, is the current owner of the Mortgage and Note.

26. Plaintiff is the party entitled to collect the debt evidenced by said Note.

27. Defendant, Peter C. Hall, is presently in default on the Note and due for the monthly payment due December 1, 2021, and all payments due thereafter, thereby breaching a condition of the Mortgage and the Note.

28. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

29. The total amount due on the Note and Mortgage as of February 6, 2023 is $81,870.46.

30. Notice was sent in compliance with 14 M.R.S. § 6111 by letter(s) dated December 15, 2023, as evidenced by a copy of the notice, proof of certified mail and the certificate of mailing attached hereto as Exhibit D.

31. Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

32. By virtue of a breach of condition of the Note and Mortgage, Plaintiff hereby demands the foreclosure of the Mortgage and the sale of the Premises.

33. Defendant, Peter C. Hall, is not in the military as defined under the Servicemembers Civil Relief Act.

**PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

    A.    Determine that there has been a breach of condition of the Mortgage;

    B.    Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

    C.    Find Peter C. Hall liable for any deficiency balance remaining due to Plaintiff after the sale of the Premises and application of the proceeds of sale;

    D.    Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

    E.    Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

    F.    Grant such other and further relief as the Court may determine proper.

Dated: 2/16/23                    By: */s/ Carrie Folsom*
                                  Carrie Folsom, Esq. #9510
                                  Attorney for Plaintiff
                                  KORDE & ASSOCIATES, P.C.
                                  707 Sable Oaks Dr., Suite 250
                                  South Portland, ME 04106
                                  (207) 775-6223 x25032
                                  CFolsom@kordeassociates.com
                                  MEFednotices@kordeassociates.com